UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

————————————————

In re:

MONIQUE S. WHITE,                              Case No. DK 12-09358
                                               Chapter 7
             Debtor.                           Hon. Scott W. Dales

————————————————————————/

MEMORANDUM OF DECISION & ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           Chief United States Bankruptcy Judge

On April 17, 2018 in Kalamazoo, Michigan, the court held a hearing to consider the motion (the "Motion," ECF No. 14) of *pro se* chapter 7 debtor Monique S. White (the "Debtor") to reopen her case to add claims that were omitted from her schedules.  By adding these claims, the Debtor hopes to bring them within the scope of her chapter 7 discharge, which the court entered on March 6, 2013.

The Debtor and counsel for the United States Trustee appeared at the hearing.  After considering the Motion and the Debtor's description of the claimants to be added, the court announced its intention to deny the Motion because the omitted claimants hold post-petition claims that are not subject to the Debtor's discharge.

Under 11 U.S.C. § 727(b), as far as relevant here, a chapter 7 discharge only affects debts that "arose before the date of the order for relief" under chapter 7.  *See* 11 U.S.C. § 727(b) (identifying scope of discharge).  In a voluntary case like this one, the date the petition was filed is the date of the "order for relief."  *Id.* §§ 102(6) ("'order for relief' means entry of an order for relief") & 301(b)("The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.").  In fact, the entities holding the claims the

Debtor hopes to include on her amended schedules are not "creditors" in this case because, as the Debtor confirmed during the hearing, she incurred the corresponding debts after she filed her chapter 7 petition on October 24, 2012.[1]  Therefore, reopening the Debtor's case would not result in discharging debts at issue in the Motion because the Debtor incurred these debts after the commencement of this case or, more precisely, after the "order for relief" under chapter 7. Whatever obligation the Debtor has to these entities is not affected by the discharge entered in this case.

Finally, and as the court observed during the hearing, the policy of the Judicial Conference of the United States ("JCUS") dictates that no filing fees are required as a condition of filing a motion to reopen a case to determine the scope of a debtor's discharge.  *See* Bankruptcy Fee Compendium III, at Part J(1) (JCUS, June 1, 2014 edition) ("No fee is due if the reopening is . . . to file an action related to the discharge."); *cf.* Fed. R. Bankr. P. 4007(b). Moreover, an order entered at the beginning of this case relieved the Debtor from paying the initial filing fees and "all subsequent fees in this case."  *See* Order Granting Debtor's Application for Waiver of Chapter 7 Filing Fee, dated October 29, 2012 (ECF No. 7).   Under the circumstances, the Clerk erroneously collected $291.00 in fees, and the court will require a refund in that amount.

NOW, THEREFORE, IT IS HEREBY ORDERED that (1) the Motion (ECF No. 14) is DENIED; and (2) the Clerk shall promptly refund $291.00 to the Debtor.

---

[1] The court has set aside the word "creditors" in quotation marks because the term is defined, in general, to include only entities holding claims that arose before the order for relief.  *See* 11 U.S.C. § 101(10)(A).

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Monique S. White, Thomas R. Tibble, and the United States Trustee.

END OF ORDER

**IT IS SO ORDERED.**

**Dated April 18, 2018**



Scott W. Dales
United States Bankruptcy Judge